IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
AUGUSTUS H. EVANS, JR.,         :
                                :
       Plaintiff,               :
                                :
       v.                       : Civil Action No. 07-656-JJF
                                :
CINDY WRIGHT, DCC RECORDS       :
REBECCA MCBRIDE, THOMAS ZANDA,  :
EVELYN STEVENSON, LT. MICHAEL   :
CASTELLO, MIKE RECORDS, and     :
SONYA LEWIS,                    :
                                :
       Defendants.              :
```

Augustus H. Evans, Pro se Plaintiff.  Howard R. Young Correctional Institution, Wilmington, Delaware.

**MEMORANDUM OPINION**

February 21, 2008
Wilmington, Delaware

*[signature]*
Farnan, District Judge

    Plaintiff Augustus H. Evans, Jr. ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears _pro se_ and was granted _in forma pauperis_ status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

    For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. THE COMPLAINT

    Plaintiff's Complaint contains two claims: that Plaintiff was held beyond his prison release date and that prison officials failed to protect Plaintiff from harm. Plaintiff alleges that prison officials were aware that his release date was incorrectly entered on his status sheet, and that he was held twenty-six days beyond his July 17, 2005 release date. (D.I. 2 at 2-3.) Plaintiff was released on August 12, 2005, after he telephoned the court and a judge entered an order for immediate release.

    Plaintiff's second claim is that he was sent to the Violation of Probation Center ("VOP") at Georgetown, Delaware, even though he made prison officials aware that he feared for his safety because his father-in-law was housed there. Plaintiff was transferred on July 29, 2005, and on August 1, 2005, he was assaulted by five inmates. _Id._ at 3. Plaintiff seeks $1,500 for

each day he was illegally incarcerated, as well as compensatory and punitive damages for the alleged failure to protect.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, -F.3d-, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at

1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

There is a two year statute of limitations period for § 1983 claims. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, Civ. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

The Complaint alleges that Plaintiff was held twenty-six days beyond his July 17, 2005 release date and was not released until August 12, 2005. It also alleges that Plaintiff made prison officials aware that he feared for his safety if he was transferred to the VOP. Regardless, Plaintiff was transferred on July 29, 2005, and few days later, on August 1, 2005, he was

assaulted by five inmates. Plaintiff signed the Complaint on October 17, 2007, and pursuant to the "mailbox rule," it is the date the Court considers as the filing date.[1] Hence, as to each claim, the Complaint was filed approximately two months after the expiration of the two year limitations period.

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is

---

[1] The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While Houston dealt specifically with the filing of a habeas appeal, the decision has been extended to other prisoner filings. See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the Houston mailbox rule to pro se § 1983 complaints. Gibbs v. Decker, 234 F. Supp. 2d 458, 463 (D. Del. 2002). See also Rivers v. Horn, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001) (extending Houston to pro se prisoner § 1983 complaints). Plaintiff's Complaint was signed on October 17, 2007, and the envelope it was mailed in is post-marked October 18, 2007. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing some time between October 17, 2007 and October 18, 2007. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on October 17, 2007, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

appropriate, <u>sua sponte</u> dismissal under 28 U.S.C. § 1915 is permissible." <u>Smith v. Delaware County Court</u>, No. 07-4262, 2008 WL 101743 (3d Cir. Jan. 4, 2008); <u>Wakefield v. Moore</u>, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is evident from the face of the Complaint that Plaintiff's § 1983 action is barred by the two year limitations period. Therefore, the Complaint is dismissed pursuant to 28 U.S.C. § 1915.

## IV. CONCLUSION

Based upon the foregoing analysis, the Complaint is dismissed as barred by the applicable limitations period pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir. 2002); <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.